**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

Civil Action No. 26-cv-03015-CJW-MAR

NORTH STAR MUTUAL INSURANCE COMPANY, a Minnesota corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey corporation,

Defendant.

---

## PLAINTIFF'S MOTION FOR PROCEDURAL STAY AND EXPEDITED RELIEF

---

Plaintiff North Star Mutual Insurance Company, by and through its undersigned counsel, hereby files this Motion for a Procedural Stay to and through February 28, 2027, due to a pending Multidistrict Litigation Motion to Transfer that encompasses this matter. Plaintiff also requests expedited relief for briefing and a ruling on this Motion. In support thereof, Plaintiff states as follows:

## I. BACKGROUND

1. This matters concerns a house fire caused by the inadvertent activation of a range whose control knobs are subject to Defendant's recall, a recall issued to address the very hazard that caused this fire. [Doc. 1, Plaintiff's Complaint, ¶¶ 9-16].

2. On September 11, 2026, this Court issued a Scheduling Order that requires the disclosure of expert reports by Plaintiff by December 21, 2026 and by Defendant by February 1, 2027. The Scheduling Order also contains a discovery deadline of April 16, 2027. [Doc. 30].

3. Plaintiff has completed its Rule 26(a) Initial Disclosures, including a production

of its documents. Plaintiffs contend Defendant has not completed its Rule 26(a) Initial Disclosures because a protective order is yet to be entered and it is Plaintiff's understanding Defendant will not produce documents without its entry.

4. Defendant has served an initial set of written discovery on Plaintiff. Plaintiff will respond in accordance with Federal Rule of Civil Procedure Rules 33 and 34.

5. No depositions have yet been scheduled.

6. For the reasons that follow, Plaintiff requests a procedural stay and the suspension of the present Scheduling Order deadlines set by the Court.

7. Prior to filing this Motion, counsel for the parties conferred with respect to the subject of this Motion between November 6, 2026 and November 11, 2026.

8. Samsung opposes a full stay but proposes extending all remaining deadlines in the September 11, 2026 Scheduling Order by four months, while allowing the parties to continue discovery pending the JPML's ruling. The discovery would include depositions of any household members present before the fire, discovery concerning the installation and condition of the range, the circumstances surrounding the fire, and Plaintiff's claimed damages.

9. Plaintiff objects to Samsung's proposal because "discovery concerning the installation . . . of the range" may be premature until the parties have determined which installation and user's manuals apply to the subject range and "the circumstances surrounding the fire" is broad and may impinge upon the opinions of experts, which is within the purview of the pending MDL.

10. Plaintiff requests expedited relief for this Motion because its disclosure of expert witnesses is scheduled for December 21, 2026.

## II. PENDING TRANSFER MOTION FOR MDL 3210

11. On October 16, 2026, Plaintiff North Star Mutual Insurance Company, moved the United States Judicial Panel on Multidistrict Litigation ("JPML") under 28 U.S.C. § 1407 to centralize the actions comprising In re Samsung Electric Range Control Knob Inadvertent Activation Products Liability Litigation (MDL No. 3210) in the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings (the "Transfer Motion") as noted on this docket.

12. The Transfer Motion identifies thirty (30) actions pending in twenty-three (23) federal districts, including the subject action, each alleging that the control knobs on Samsung slide-in electric ranges, including models recalled in cooperation with the U.S. Consumer Product Safety Commission on August 8, 2024 (Recall No. 24-335), are prone to inadvertent activation. This action raises the same core questions of defect, notice, and warnings.

13. The Transfer Motion seeks centralization so that common discovery into Samsung's design, testing, consumer complaints, and recall files can be conducted once, with Samsung witness depositions cross-noticed and documents housed in a single repository, and so that recurring discovery, privilege, protective order, and *Daubert* disputes are resolved by a single transferee judge rather than inconsistently across districts. Discovery in this action is at an early stage, so the short stay requested here causes no prejudice.

14. The MDL 3210 docket reveals that Samsung's response to the Transfer Motion was originally due on November 10, but on Samsung's motion to extend, that deadline was extended to December 3, 2026. Because the JPML's final 2026 hearing date is December 3, 2026, the Transfer Motion is not expected to be heard until the Panel's next session. Based on

the JPML's historical hearing-session practice, Plaintiff anticipates that the Transfer Motion will be heard during the Panel's hearing session in late January 2027. Transfer orders typically take about two (2) weeks to be issued, so an order granting or denying the pending motion to transfer is expected sometime around mid-February, 2027.

15. A brief stay of this action through February 28, 2027 will therefore allow the JPML to rule before the parties and this Court expend resources on discovery and motion practice that would be duplicated, superseded, or restructured by the transferee court.

## III. ARGUMENT

15. The decision whether to grant a temporary stay of proceedings pending a related proceeding is broad and discretionary. *Fisher Controls v. Control Components, Inc*., 443 F. Supp. 581 (S.D. Iowa 1977).

16. The Court's discretion is based on its:

> inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be effected by the granting or the refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Fisher Controls*, at 581-582, *quoting CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

17. Courts evaluating a stay when there is a pending MLD proceeding commonly consider (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers v. Walt Disney Co*., 980 F. Supp.

1358, 1360 (C.D. Cal. 1997). Each factor favors a stay here.

18. First, there is no articulable prejudice to any party. Defendant does not fully oppose the requested relief, and no party can identify any concrete harm that would flow from a brief pause in discovery. The requested stay is short and definite: its duration is tied to the JPML ruling, which is expected in February 2027. Plaintiff, who bears the burden of proof, is the party seeking the stay, so any delay falls principally on it. It is Plaintiff's position that Samsung, who is represented by common counsel across the related actions and has previously represented that its documents and controlled witnesses can be produced in any forum, will be spared duplicative production and depositions. The public interest is likewise served by the orderly and consistent management of related litigation.

19. Second, absent a stay, the parties would be forced to proceed with fact and expert discovery under the current schedule, including proceeding with depositions of current and former representatives of Samsung and the retention and disclosure of liability experts on issues that will likely be the subject of common discovery in the MDL, all of which may need to be repeated or reconfigured if a transferee court enters common discovery and motion deadline orders.

20. Third, a stay will result in significantly less motion practice on outstanding discovery. As an example, Samsung has yet to agree to a protective order and produce any documents it claims are protected. If discovery is not stayed, Plaintiff will be forced to file a motion to compel Samsung's initial disclosures. The fact discovery sought by the Plaintiff in this action centers on Samsung's corporate witnesses and documents concerning the design, testing, consumer complaints, and recall of the control knobs, the same subject matter at issue in

every action identified in the Transfer Motion. Proceeding now invites disputes over the scope and timing of those depositions, privilege and confidentiality designations, and the production of corporate documents, along with the attendant motions to compel and for protective orders, that a transferee court would otherwise resolve and make applicable to all actions.

21. Fourth, a stay will allow expert discovery to be consolidated. Plaintiff's expert reports and disclosures are presently due December 21, 2026, before the JPML is expected to rule. Plaintiffs in the related actions will otherwise separately retain and prepare experts in control design, human factors, and fire origin and cause to address identical liability questions. Within an MDL, common liability expert discovery can proceed on a single coordinated track, with case-specific experts addressed separately, avoiding piecemeal reports and repetitive expert depositions.

22. Fifth, a stay will streamline dispositive motion practice. Under the current Scheduling Order, all dispositive motions must be filed by May 14, 2027, shortly after the anticipated JPML ruling. Samsung's pleading-stage motions across the related actions have already produced divergent rulings. Absent a stay, this Court may be required to decide *Daubert* challenges to the same liability experts and summary judgment motions on the same common defect, notice, and warning issues that a transferee court would decide once for all actions.

23. Finally, a stay conserves judicial resources. If the JPML centralizes these actions, the transferee court will manage common discovery, decide recurring discovery disputes once, and potentially rule on *Daubert* and dispositive motions involving common issues. Proceeding under the current Scheduling Order, without a brief stay, risks this Court expending effort on issues that will shortly be addressed in the MDL and inviting rulings inconsistent with those of

other courts.

24. Accordingly, and rather than seeking serial extensions while speculating as to the timing of the JPML's ruling, Plaintiffs respectfully request that a procedure stay be issued through February 28, 2027.

25. Plaintiff requests that the Court permit the parties to submit a joint status report and, if the action is not transferred, a proposed Amended Scheduling Order within fourteen (14) days after the JPML rules or by March 14, 2027, whichever is earlier.

26. Pursuant to LR 1(d) and LR 7, Plaintiff respectfully requests expedited consideration of this Motion and that the Court shorten the time for Defendant to respond. LR 7(e) ordinarily provides fourteen days for a party to resist a motion. Given the limited nature of the relief requested and the pendency of the motion before the Judicial Panel on Multidistrict Litigation concerning centralization of this action and substantially similar Samsung inadvertent-activation actions, Plaintiff requests that Defendant be directed to file any resistance within five business days and that Plaintiff be directed to file any reply within three business days. Plaintiff further requests that the Court decide the Motion upon the written submissions.

27. Good cause exists for shortened consideration because continuing with discovery, scheduling, expert proceedings, and other potentially duplicative pretrial activity while the Panel determines whether these actions should be centralized would undermine the very efficiencies the requested stay seeks to preserve. Expedited resolution will conserve the resources of the Court and the parties while causing no cognizable prejudice to Defendant.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that the Court:

(1) Grant expedited relief and shorten the briefing schedule for the parties, such that

any opposition to the Motion shall be filed within five (5) business days and any reply to the Motion shall be filed within three (3) business days;

(2) Stay all discovery and scheduling order deadlines through February 28, 2027;

(3) Direct the parties to submit a joint status report and, if the action is not transferred, a proposed amended scheduling order and briefing schedule within fourteen (14) days after the JPML rules or by March 14, 2027, whichever is earlier; and

(4) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 23, 2026.

**COZEN O'CONNOR**


*s/ MaKenna Stoakes*
MaKenna Stoakes, #AT0012665
3 WTC
175 Greenwich Street, 55th Floor
New York, NY 10007
(212) 509-9400
mstoakes@cozen.com

*s/ Cheri MacArthur*
Cheri MacArthur, *Pro Hac Vice*
4601 DTC Boulevard, Suite 825
Denver, CO 80237
(720) 479-3900
cmacarthur@cozen.com
*Attorneys for Plaintiff*
*North Star Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2026, I filed the foregoing **PLAINTIFF'S MOTION FOR PROCEDURAL STAY AND EXPEDITED RELIEF** via the Court's electronic filing system effecting service on the following parties of record:

Craig S. Krummen
Laura R. Hammargran
Greenberg Traurig, LLP
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 677-3101
Email: krummenc@gtlaw.com
laura.hammargren@gtlaw.com

Natalie F. Wayne
Greenberg Traurig, LLP
360 N. Green Street
Chicago, IL 60607
Telephone: (312) 476-5112
Email: natalie.wayne@gtlaw.com

Christopher J. Jessen
Michael R. Reck
Belin McCormick, P.C.
606 Walnut Street, Suite 2000
Des Moines, IA 50309-3980
Telephone: (515) 283-4645
Email: cjessen@belinmccormick.com
mrreck@belinmccormick.com
*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

*s/ Cheri MacArthur*
Cheri MacArthur